Hamilton Wand, J.
Each of these actions has a common question of first impression: namely, can a plaintiff maintain an action for divorce pursuant to the provisions of subdivision (1) of section 170 of the Domestic Relations Law, as amended, after the parties have entered into a valid separation agreement whereby the parties have agreed, inter alia, to live separately and apart and by such agreement have agreed not to cohabit with each other? In each of these actions such agreement was made and is now in effect.
Subdivision (1) of section 170 of the Domestic Relations Law provides:
<£ § 170. Action for divorce. An action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage on any of the following grounds:
££ (1) The cruel and inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant.”
This section should be read together with subdivision (6) of section 170 of the Domestic Relations Law which provides: ££ (6) The husband and wife have lived separate and apart pursuant to a written agreement of separation, subscribed and acknowledged on or after April twenty-seventh nineteen hundred sixty-six by the parties thereto in the form required to entitle a deed to be recorded, for a period of two years after the execution of such agreement and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such agreement. Such agreement shall be filed in the office of the clerk of the county wherein either party resides within thirty days after the execution thereof. In lieu of filing such agreement, either party to such agreement may file a memorandum of such agreement, which memorandum shall be similarly subscribed and acknowledged as was the agreement of separation and shall contain the following information: (a) the names and addresses of each of the parties, (b) the date of marriage of the parties, (c) the date of the agreement of separation and (d) the date of the subscription and acknowledgement of such agreement of separation,”
*169 Pursuant to this section and subdivision (6), and for whatever reason, spouses may enter into a separation agreement, and upon compliance with the conditions of this subdivision either party may, upon notice to the other party, apply for a judgment converting such agreement to a judgment divorcing the parties and dissolving the marriage. This subdivision preempts the field of divorce following a separation agreement. The claim is raised that this subdivision permits a “ consent divorce ” and for this reason is contrary to the interest of the State in regulating the marital status of its residents. Whatever the merit of this claim, the claim must fail because of the language of this subdivision. It is the purpose of the Legislature by this subdivision to require a 11 cooling off ”-period allowing the parties to examine their new status and hopefully lead to reconciliation, short of a separation agreement being converted to a judgment of divorce.
In each of these actions the parties are free to comply with the provisions of this section and this last subdivision and in the manner and time provided therein and to later convert such agreement to a judgment divorcing the parties and dissolving the marriage.
The sweep of the new divorce law includes divorces based on abandonment (subd. [2]); confinement in prison (subd. [3]); adultery, with an enlargement of the definition of adultery (subd. [4]); and living pursuant to a decree or judgment of separation (subd. [5]).
This leaves the most common and perhaps the most intolerable situation causing failure of marriages, cruel and inhuman treatment. In unnumbered instances the parties are so situated that the plaintiff cannot physically escape cruel and inhuman treatment by the defendant. The subdivision describes cruel and inhuman treatment as such that it endangers the physical or mental well-being of the plaintiff and renders it unsafe or improper for the plaintiff to cohabit with the defendant. Under these circumstances and upon proof thereof, subdivision (1) of section 170 of the Domestic Relations Law provides protection for a plaintiff by permitting the plaintiff to procure a judgment divorcing the parties and dissolving the marriage. Subdivision (1) of section 170 of the Domestic Relations Law sounds in the present tense and describes conduct gross, present and continuing and so gross that the intervention of the Supreme Court is immediately required to give escape to the plaintiff if so desired. This is the intent and purpose of subdivision (1) of section 170 of the Domestic Relations Law.
*170 Turning now to the result of the intervention of a valid separation agreement prior to an action for divorce coming on for hearing pursuant to the provisions of subdivision (1) of section 170. When such agreement provides among other things, as here, that the parties shall live separately and apart and shall not cohabit with each other, the parties by their own agreement and physical separation have cured the condition leading up to the separation agreement and, when complied with, the plaintiff is insulated from cruel and inhuman treatment by the defendant and no longer requires the succor of the Supreme Court. •
Cruel and inhuman treatment gross, present, and continuing, or the imminent danger thereof is the fulcrum of subdivision (1) of section 170. Absent this, absent the grounds thereof and absent the authority of the Supreme Court to grant a judgment divorcing the parties and dissolving the marriage pursuant to this section and subdivision. It may be contended that if proof is made of the conduct described in subdivision (1) sufficient to grant a divorce as provided therein, such judgment should not be denied for the reason that the parties have resolved their own problems and by agreement have cured the condition endangering the mental and physical well-being of the plaintiff, which condition rendered it unsafe or improper to cohabit. To hold with this contention is to hold that much of the language of subdivision (1) of section 170 is without-meaning or purpose. This holding, by judicial fiat, would enlarge the grounds for an action for divorce not found in section 170 of the Domestic Relations Law. It may be further contended that, by inference, the five-year Statute of Limitations permits maintaining such an action as above described on grounds arising at any time therein. ■ This is not a valid contention. The rationale above applies; the grounds are gone by the separation agreement and the cause of action is gone. This court completely indorses the giant stride taken by the Legislature of this State in enlarging the grounds for divorce; however, this court understands its judicial limitation and does not substitute judicial fiat for legislative enactment.
Contrary to popular belief, a judgment of divorce cannot be had in this State just for the asking even under the liberal new divorce law. If such is to be, let the Legislature say so, not the courts.
In each of the above anonymously entitled actions the default application is denied and the complaint is dismissed.